FILED
United States Court of Appeals
Tenth Circuit

March 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUARA PARDEDE,

      Petitioner,

v.

MICHAEL B. MUKASEY,[*]
United States Attorney General,

      Respondent.

No. 07-9536
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO** and **PORFILIO**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

Petitioner Juara Pardede seeks review of a final order of removal by the

Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ")

denial of his applications for asylum, restriction on removal, and relief under the

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael B. Mukasey is substituted for
Peter D. Keisler as the respondent in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Convention Against Torture ("CAT").  For the reasons that follow, we **DISMISS IN PART** and **DENY IN PART** his petition for review.

**I**

Pardede is a native and citizen of Indonesia.  He was admitted to the United States in February 1991 as a non-immigrant visitor, and he remained in this country beyond his authorized six-month period.  Pardede was served with a notice to appear before an IJ in 2003.  Conceding removability before the IJ, he applied for asylum, restriction on removal, and relief under the CAT.

At a hearing on the merits of his applications for relief, Pardede testified that he was born into a Christian family and that he attended a Lutheran church in Northern Sumatra, Indonesia.  He belongs to the Bantak ethnic group from that region.  At some point after high school he moved to Jakarta, where he worked as a cashier for two businesses, a Christian-owned restaurant and a government-owned hotel.  At the hotel, he was supervised mostly by Muslims. He testified that he advanced at his hotel job because of his success playing for company-sponsored chess, soccer, and volleyball teams.  He ultimately lost both of these jobs as a result of the businesses going bankrupt.

For the following two and a half years, Pardede was unable to obtain employment.  He stated that it was difficult for him to find work because of his Christian faith.  When asked whether his religion ever came up during his job interviews, he responded, "Yes.  They asked for your ID card.  And, then on the

ID card it was written I was a Christian." He did not produce his identification card at the hearing before the IJ, however, explaining that he left it in Indonesia because he feared that it would be lost if he brought it to the United States. He testified that he sold his home in Jakarta in order to obtain money to travel to the United States to find employment. His wife and children stayed behind in Jakarta, living with his in-laws.

Pardede was asked about problems he encountered in Indonesia because of his religion. Although he grew up in a predominately Muslim area, he said that he experienced no problems through his high school years on account of his being Christian. He testified that circumstances in Indonesia did not change for the worse for Christians until after he came to America. But he also described an attempt made by unidentified persons to bomb his church in 1990 before he left for the United States. When asked whether his family suffered any problems from the Muslims after he came to the United States, he responded, "A little bit. Yes. They wouldn't pay any attention to it, though." He indicated that sometimes his children were hit because they are Christian and that his family members did not wear religious symbols or put up holiday decorations. He stated that they worried about having things thrown at their house.

When asked why he feared returning to Indonesia, he said, "I'm pretty old, so it will be hard for me to find a job there. There's a lot of young people." Addressing whether he felt it was safe for Christians in Jakarta, he said that he

had heard that many churches were being shut down by Muslims. Then, despite initially indicating that his family was able to attend their church, he stated that, for the time being, no one was attending church because the congregation was afraid that there would be a demonstration. He testified that he was not afraid of Muslim demonstrations, but that he was "worried about getting a job."

Upon consideration of the record and Pardede's testimony, the IJ concluded that Pardede had failed to show past persecution or a well-founded fear of persecution in support of his application for asylum. The IJ found that Pardede's testimony was "detailed, consistent, and believable, but [was] not sufficient enough to establish his eligibility for asylum without any further corroborating evidence." Noting that Pardede had been very honest about his situation, the IJ also found that Pardede's biggest concern was not that he would be persecuted in Indonesia, but that he might not be able to find a job there because of his age. In the alternative, the IJ also ruled that Pardede's application for asylum was untimely and that he had failed to show changed circumstances to excuse his delay in filing the application. Moreover, because Pardede had failed to satisfy the lower burden of proof required for asylum, the IJ concluded that Pardede necessarily failed to satisfy the clear probability standard for receiving a restriction on removal. Finally, the IJ denied his application for relief under the CAT, entering no specific factual findings on the issue.

On administrative appeal, the BIA agreed with the IJ that Pardede was statutorily ineligible for asylum due to his late filing. Regarding past persecution, it noted that, although the IJ acknowledged economic persecution as a possible ground for asylum, the IJ concluded that Pardede failed to establish that his unemployment amounted to persecution by his prospective employers. Specifically, the BIA indicated that he failed to demonstrate that he was denied employment on account of his religion. The BIA therefore upheld the IJ's determination that he had failed to establish past persecution. The BIA also concluded that the IJ had correctly determined that Pardede failed to show that it was more likely than not that he would suffer persecution upon his return to Indonesia, or that it was more likely than not that he would be tortured upon return. Consequently, the BIA also affirmed the IJ's denial of Pardede's applications for restriction on removal and relief under the CAT.

**II**

We must first determine whether we have jurisdiction to review the issues raised in Pardede's petition. See Diallo v. Gonzales, 447 F.3d 1274, 1281 (10th Cir. 2006). Our jurisdiction to review a final order of removal arises under 8 U.S.C. § 1252(a), but it is not unlimited. First, it is unclear whether Pardede intends to challenge the BIA's denial of his asylum application. In his brief, he recites the asylum standards for refugee status and a well-founded fear of persecution. But the BIA determined that he is statutorily ineligible for asylum

-5-

because his application was untimely filed, and we do not have jurisdiction to review that decision unless the petitioner raises a constitutional claim or a question of law.  See Ferry v. Gonzales, 457 F.3d 1117, 1130 (10th Cir. 2006); 8 U.S.C. § 1158(a)(3) (providing that "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding the timeliness of an asylum application or the existence of changed circumstances).  Pardede has not challenged the agency's decision on either of those two grounds, and we therefore lack jurisdiction to consider its denial of his asylum application.

Further, a petitioner must first exhaust his administrative remedies by raising his claims of error in his appeal to the BIA.  See 8 U.S.C. § 1252(d)(1).  His failure to do so deprives this court of jurisdiction.  See Sidabutar v. Gonzales, 503 F.3d 1116, 1118 (10th Cir. 2007) ("[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA.").  Other than the question of changed circumstances related to his asylum application, Pardede raised only two issues in his BIA appeal:  (1) The IJ erred as a matter of law in finding that the economic discrimination he experienced could not rise to the level of past persecution; and (2) The IJ improperly relied on a prior BIA decision regarding the reasonableness of an alien's fear of persecution when the alien's family remains in his or her native country.  In his petition for review by this

court, he again raises the first issue.[1]  Additionally, however, he argues that:

(1)  The IJ erred in holding that the record evidence was insufficient absent

corroboration; (2)  The cumulative effect of the problems he experienced in

Indonesia shows past persecution; (3)  The evidence supported a finding that he

showed a clear probability of future persecution; and (4)  The evidence showed

that it is more likely than not that he would be tortured if he returned to Indonesia

and that he was therefore eligible for relief under the CAT.  But Pardede's BIA

appeal did not mention either his argument regarding the cumulative effect of his

alleged past persecution or his claim that the IJ erred in concluding that the record

needed corroborating evidence.  As a result of this failure to exhaust

administrative remedies with respect to these two claims, we lack jurisdiction to

review them.

Pardede did not assert in his BIA appeal that he had demonstrated a clear

probability of persecution or that he was entitled to relief under the CAT.  We

would ordinarily conclude that he failed to exhaust his administrative remedies

with respect to these arguments as well, but under Sidabutar we may review a

claim that the BIA considered on the merits even if it was not specifically raised

---

[1]      Pardede makes a passing reference to the second issue in his brief, but the
BIA expressly declined to address that issue and affirmed on other grounds.  That
issue is therefore not subject to our review.  See Uanreroro v. Gonzalez, 443 F.3d
1197, 1204 (10th Cir. 2006) ("[W]e will not affirm on grounds raised in the IJ
decision unless they are relied upon by the BIA in its affirmance.").

by the petitioner. See 503 F.3d at 1122. In this case, the BIA considered and ruled on both the IJ's determination that Pardede failed to establish a likelihood that he would face persecution in Indonesia and the IJ's conclusion that the petitioner did not carry his burden of demonstrating that he would more likely than not face torture upon return to Indonesia. We will therefore reach the merits of both of these issues. See id.

In sum, we have jurisdiction to review three of Pardede's claims of error: (1) whether the BIA failed to consider the severity of Pardede's economic deprivation as evidence of past persecution in relation to his application for restriction on removal, (2) whether Pardede demonstrated a clear probability of future persecution in relation to his application for restriction on removal, and (3) whether Pardede carried his burden of demonstrating that it is more likely than not that he will be tortured if returned to Indonesia. We dismiss the remainder of his petition for review for lack of jurisdiction.

**III**

"We look to the record for substantial evidence supporting the agency's decision: Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." Uanreroro v. Gonzales, 443 F.3d 1197, 1204 (10th Cir. 2006) (quotations omitted). In other words, where the BIA concludes that a petitioner is not entitled to relief, we review its decision to ascertain whether the entire record provides

substantial support for that determination. Vatulev v. Ashcroft, 354 F.3d 1207, 1209 (10th Cir. 2003). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "We may not weigh the evidence, and we will not question the immigration judge's or BIA's credibility determinations as long as they are substantially reasonable." Woldemeskel v. INS, 257 F.3d 1185, 1192 (10th Cir. 2001). We review the agency's legal determinations de novo. See Lockett v. INS, 245 F.3d 1126, 1128 (10th Cir. 2001).

Because a single member of the BIA affirmed the IJ's decision in a brief order, see 8 C.F.R. § 1003.1(e)(5), we review the BIA's opinion rather than the decision of the IJ, see Uanreroro, 443 F.3d at 1204. "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." Id.

**A**

Pardede may not be removed to Indonesia "if the Attorney General decides that [his] life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The burden of proof for restriction on removal is significantly higher than for asylum. To be eligible for restriction on removal, Pardede must establish a clear probability of persecution on account of one of the factors in § 1231(b)(3)(A). See Woldemeskel, 257 F.3d at 1193. Thus,

-9-

he must present evidence establishing that it is more likely than not that he will be subject to persecution based on an enumerated ground.  See id.

The IJ concluded that Pardede failed to satisfy the lower burden of proof required for asylum, and therefore that he had also failed to satisfy the clear probability standard required for restriction on removal.  See Uanreroro, 443 F.3d at 1202.  This was affirmed by the BIA.  Regarding past persecution, the BIA agreed with the IJ's reasoning that Pardede failed to demonstrate that he was denied employment on account of his religion.  As to future persecution, the BIA determined that the evidence failed to show that he would face treatment qualifying as persecution or that the problems he feared resulted from his religion.

**1**

Pardede urges that "the IJ and the BIA failed to take into consideration the severity of [his] economic deprivation that was based solely on account that he was a Christian."  He contends that where the economic deprivation is particularly severe, it can rise to the level of persecution.  See, e.g., Woldemeskel, 257 F.3d at 1191 (citing Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir. 1990), for proposition that substantial economic detriment is required to support a grant of asylum).  But, as the BIA observed, the IJ did not reject economic deprivation as a basis for finding past persecution.  Rather, the IJ and the BIA both concluded that Pardede failed to establish past persecution because

-10-

he did not show a <u>nexus</u> between his alleged mistreatment and a protected ground. Citing the IJ's decision, Pardede's asylum application, and his testimony, the BIA concluded that "he failed to demonstrate that he was denied employment on account of his religion." Considering the record in its entirety, we conclude that substantial evidence supports the BIA's determination on this score.

**2**

Pardede contends that, even if he failed to demonstrate past persecution, he has shown a clear probability of future persecution, which requires a conclusion that his life or freedom would be threatened if he returned to Indonesia. As to this claim, Pardede acknowledges but does not apply our standard of review—namely that we must affirm the agency's findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Nor does he elaborate on the evidence that would meet this standard. Elsewhere in his brief he points to the following evidence in support of a well-founded fear of persecution under the asylum standard: (1) his testimony about his subjective fears, (2) documentary evidence purporting to detail "the continuous Islamic assault upon Christians in Indonesia," (3) his family's reports of increasing hostility toward Christians, (4) the taunting and teasing of his children by Muslims, (5) his family's reluctance to display religious symbols or decorations, (6) his family's fear of attending church, and (7) the closing of Christian churches in Indonesia, orchestrated by Muslims. Although Pardede

-11-

concedes that, according to his testimony, he is concerned about being able to find a job in Indonesia, he fails to acknowledge several other significant aspects of his testimony:  he stated that his concern about finding a job is based upon his age, he characterized his family's problems with Muslims as minor, and he said that he was not afraid to return to Indonesia.

The BIA concluded that the evidence offered was insufficient to demonstrate that it was more likely than not that Pardede would face persecution upon his return to Indonesia.  Upon review of the record, we are unable to determine that any reasonable adjudicator would be compelled to conclude to the contrary, and we will therefore not upset the decision of the BIA.

**B**

Finally, Pardede urges that the BIA erred in finding him ineligible for relief under the CAT.  "To receive the protections of the CAT, an alien must demonstrate that it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." Sidabutar, 503 F.3d at 1125 (quotation omitted).  The BIA determined that Pardede failed to present evidence showing his entitlement to relief under the CAT.  Because Pardede does not point us to any evidence that would show otherwise, we discern no error in the BIA's conclusion.  Moreover, in light of our affirmance of the BIA's finding that he failed to demonstrate a clear probability of persecution should he return to Indonesia, "it is likewise against the odds that

-12-

he would be tortured by the government or a proxy for the government." Id. at 1126.  Accordingly, we conclude that the BIA's determination with respect to Pardede's CAT claim is supported by substantial evidence.

**IV**

Pardede's petition for review is **DISMISSED IN PART** for lack of jurisdiction.  The remainder of the petition is **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge